UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ANTHONY MARROQUIN,<br><br>Plaintiff,<br><br>v.<br><br>MR. GORDON, Office of the Director, Department of Motor Vehicles,<br><br>Defendant. | Case No.: 25-cv-1075-RSH-DEB<br><br>**ORDER ON PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[ECF No. 2] |

On April 28, 2025, plaintiff Frank Anthony Marroquin, proceeding pro se, commenced this action. ECF No. 1. On April 29, 2025, Plaintiff filed the instant motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. For the reasons below, the Court denies the motion to proceed IFP without prejudice.

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed in IFP pursuant to 28 U.S.C. § 1915(a)(1). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an

affidavit, including a statement of assets, showing inability to pay the required filing fee. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life[.]" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

In his IFP application, Plaintiff claims he has no source of income, no cash, and no assets. ECF No. 2 at 1–3. Plaintiff does not, however, specify whether he has money in any bank account or other financial institution. *Id.* at 2. In addition, Plaintiff also claims no monthly expenses, instead listing EBT (which is not an expense) in this section. *Id.* at 4–5. It is unclear to the Court how Plaintiff is securing the necessities of life without any expenses. *See Ritchie v. Hill*, No. 23-CV-2163 JLS (BLM), 2023 WL 8439564, at *2 (S.D. Cal. Dec. 5, 2023); *Turner v. City of San Diego*, No. 23-CV-29 TWR (NLS), 2023 WL 163492, at *1 (S.D. Cal. Jan. 10, 2023). Because Plaintiff does not provide sufficient information to determine whether Plaintiff qualifies for IFP status under 28 U.S.C. § 1915, the Court **DENIES** Plaintiff's IFP motion without prejudice. If Plaintiff wishes to proceed with this action, Plaintiff must: (1) pay the filing fee of $405; or (2) file a corrected IFP motion correcting the above deficiencies by **May 28, 2025**.

IT IS SO ORDERED.

Dated: April 30, 2025

Hon. Robert S. Huie
United States District Judge