UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ANTHONY MARROQUIN,<br><br>Plaintiff,<br><br>v.<br><br>MR. GORDON, Office of the Director, Department of Motor Vehicles,<br><br>Defendant. | Case No.: 25-cv-1075-RSH-DEB<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION** |

  On April 28, 2025, plaintiff Frank Anthony Marroquin, proceeding *pro se*, commenced this action. ECF No. 1. On April 30, 2025, the Court denied plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 6. On May 28, 2025, plaintiff filed an amended IFP motion. ECF No. 4. For the reasons below, the Court dismisses this action.

  All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed in IFP pursuant to 28 U.S.C. § 1915(a)(1). *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All persons,

not just prisoners, may seek IFP status."); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing inability to pay the required filing fee. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life[.]" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Here, as with Plaintiff's initial IFP application, it remains unclear to the Court whether Plaintiff qualifies for IFP status. In his renewed application, Plaintiff states he lives with his father and that his only source of income is a twenty dollar monthly gift used to pay for necessities. ECF No. 4 at 2, 4. Plaintiff further states he spends ten dollars monthly for "shampoo, soap, underwear, and clothes." *Id.* at 8. It is unclear, however, how Plaintiff is able to afford food or any other necessities of life. Plaintiff appears to receive EBT assistance, but he does not specify the amount of assistance he receives. *Id.* at 7. Instead, Plaintiff again improperly identifies EBT as an expense. *Id.* The Court is mindful that "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Escobedo*, 787 F.3d at 1234 (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). Nonetheless, "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id*. (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). Plaintiff has not done so here. For these reasons, Plaintiff's motion to proceed IFP is **DENIED**.

Even if the Court granted Plaintiff leave to proceed IFP in this case, Plaintiff's Complaint would fail to withstand mandatory screening under 28 U.S.C. § 1915(e)(2)(B). A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal should the Court determine, inter alia, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000)

("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

Here, liberally construed, the basis of Plaintiff's Complaint appears to be his attempts to have his driver's license reinstated by the California Department of Motor Vehicles ("DMV"). *See* ECF No. 1. Plaintiff requests that the Court either confirm he must satisfy specific conditions under the California Vehicle Code to qualify for reinstatement of his driver's license or issue a writ of mandamus compelling the DMV to reinstate his license under 28 U.S.C. § 1651. *Id.* at 6. However, "[f]ederal district courts are without power to issue mandamus to direct state official[s] in the performance of their duties." *Biesenbach v. City & Cnty. of San Francisco*, No. 25-CV-01277-TLT, 2025 WL 589035, at *2 (N.D. Cal. Feb. 24, 2025); *see Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties, including disbarment proceedings."); *Gougher v. Mnuchin*, No. 19-CV-07217-YGR (PR), 2020 WL 1914889, at *2 (N.D. Cal. Apr. 20, 2020) ("A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law."); *Najarro v. Wollman*, No. C 12-1925 PJH, 2012 U.S. Dist. LEXIS 104447, at *7 (N.D. Cal. July 26, 2012) ("[E]ven were plaintiff to file a petition for administrative mandamus, this court would be powerless to order the DMV to restore plaintiff's driving privileges.").

To the extent that plaintiff has any mandamus remedy, it lies in state court. *See VR Sch. v. California Dep't of Educ.*, No. 23-CV-06286-SI, 2024 WL 5431354, at *3 (N.D. Cal. Sept. 20, 2024). For the above reasons, the Court the action is hereby **DISMISSED** and the Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: June 11, 2025

_____
Hon. Robert S. Huie
United States District Judge